

**Brooks Kushman P.C.**
150 W. Second Street, Suite 400N
Royal Oak, Michigan 48067-3846 USA
Tel (248) 358-4400 | Fax (248) 358-3351
www.BrooksKushman.com

January 15, 2026

*Via ECF*

The Honorable Loretta A. Preska
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

> Re:    **Global Equipment Company Inc. v. Terex South Dakota, Inc.**
>        **Case No. Case No. 25-cv-6480 (LAP)**

Dear Judge Preska:

Pursuant to Your Honor's Individual Rules of Practice, the parties respectfully request leave to file under seal the Parties' Joint Letter Regarding Status of Settlement Negotiations (the "Settlement Status Letter"), filed contemporaneously herewith.

In general, any sealing of a court filing must be narrowly tailored to serve the interest that justifies sealing and must be consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). That presumption may be outweighed where sealing is necessary to protect sensitive information, including confidential settlement communications, the disclosure of which would undermine the parties' ability to negotiate candidly and effectively. *Cf. Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020) (recognizing that sealing may be warranted where disclosure would cause harm to a party's interests).

Here, the Settlement Status Letter consists entirely of confidential settlement communications and negotiation positions exchanged between the parties in the course of ongoing settlement discussions. The substance of the Letter is therefore settlement negotiation material within the ambit of Federal Rule of Evidence 408. Public disclosure would reveal the parties' respective negotiating positions, compromise proposals, and assessments of settlement. That information that is not intended for public dissemination and that could prejudice further negotiations and the efficient resolution of this matter.

Because the Settlement Status Letter's contents are settlement negotiations throughout, sealing limited excerpts would not meaningfully protect the confidentiality interests at issue; redaction would effectively leave little, if anything, of substance for the public docket. Accordingly, sealing the Settlement Status Letter (including Exhibit A attached thereto), in its entirety is narrowly

Hon. Loretta A. Preska
January 15, 2026
Page 2

tailored to protect the confidentiality of settlement discussions and avoid undermining ongoing negotiations, while preserving public access to the remainder of the docket.

For these reasons, parties respectfully requests that the Court grant leave to file the Settlement Status Letter under seal.

*     *     *     *

The parties thank the Court for its consideration of the issues presented herein.

Respectfully submitted,

Dated: January 15, 2026

**ROBINS KAPLAN LLP**

BY: /s/ *Elvira Belle Borovik*
Annie Huang (SBN 4971149)
Steven Carlson (*pro hac vice*)
Elvira Belle Borovik (*pro hac vice*)
555 Twin Dolphin Drive, Suite 310
Redwood City CA 94065
Telephone: (650) 784-4040
Fax: (650) 784-4041
Email: ahuang@robinskaplan.com
scarlson@robinskaplan.com
bborovik@robinskaplan.com

*Attorneys for Plaintiff*

Date: January 15, 2026

**BROOKS KUSHMAN P.C.**
/s/ *Marc Lorelli*
Rebecca J. Cantor (SBN 4698130)
Marc Lorelli (*Pro Hac Vice*)
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email: rcantor@brookskushman.com
mlorelli@brookskushman.com

*Attorneys for Defendant*

The request is GRANTED.

The parties shall file the letter under seal. The Clerk of the Court shall close Dkt. 39.

*Loretta A. Preska*
Loretta A. Preska
United States District Judge

January 20, 2026

